## KERCHEVAL *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 705. Argued January 19, 1927.—Decided May 2, 1927.

A plea of guilty withdrawn by leave of court is not admissible against the defendant on the trial of the issue arising on a substituted plea of not guilty. P. 223.

12 F. (2d) 904, reversed.

CERTIORARI (273 U. S. 685) to a judgment of the Circuit Court of Appeals affirming a conviction and sentence in the District Court, in a prosecution for using the mails to defraud.

*Mr. Edward J. Callahan,* with whom *Messrs. William E. Leahy, William J. Hughes, Jr., George R. Smith, William B. Movery, Paul Jones, Paul Jones, Jr.,* and *H. C. Wade* were on the brief, for petitioner.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Mr. William D. Whitney,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner was indicted in the District Court for the Western District of Arkansas under § 215 of the Criminal Code for using the mails to defraud. He pleaded guilty, and thereupon the court sentenced him to the penitentiary for three years. Afterwards he filed a petition alleging that he was induced so to plead by the promise of one of the prosecuting attorneys to recommend to the court that he be punished by sentence of three months in jail and by fine of $1,000, and by the statement of such attorney that the court would impose that sentence. The petition asserted that the sentence given was excessive and prayed to have it set aside and the punishment alleged to have been promised substituted. The United States denied the allegations of the petition. After hearing evidence on the issue, the court declined so to change the sentence, but, on petitioner's motion, set aside the judgment and allowed him to withdraw his plea of guilty and to plead not guilty. At the trial the court, against objection by petitioner, permitted the prosecution as a

part of its case in chief to put in evidence a certified copy of the plea of guilty. The petitioner in defense introduced the court's order setting aside the sentence and granting leave to withdraw that plea. Then both sides gave evidence as to matters considered by the court in setting aside the conviction. The court charged the jury: "The plea of guilty is introduced as evidence by the government. . . . If you find that Mr. Kercheval made that plea of guilty and that no promise was held out to him for the purpose of getting him to make that plea, or if you find that he was notified before he made the plea that nothing that was ever said to him with reference to it theretofore would be met, then it is evidence for you to consider in connection with the other evidence in the case. If . . . you find that he was deceived, that this was brought about by conversations that he had had with reference to it, and that he made that plea of guilty when as a matter of fact he was not guilty, then you will disregard that particular part of it and consider just the other testimony in the case." The jury returned a verdict of guilty, and the court sentenced petitioner to the penitentiary for three years. The Circuit Court of Appeals affirmed the judgment. 12 F. (2d) 904. It said (p. 907): "In the motion made by defendant to set aside the judgment he admits that he had pleaded guilty. The purpose was to reduce the punishment, but if this failed he asked to withdraw his plea, and that the judgment be set aside. We know of no reason why the plea of guilty was not admissible under all these circumstances for what it might be worth. It was not conclusive of guilt, and the court so instructed the jury. The defendant probably knew better than any one else whether or not he was guilty. Under the evidence in this case a plea of guilty upon his part would have seemed a very reasonable thing. We see no substantial or prejudicial error in the admission of any of

the evidence complained of." The case is here on certiorari. 273 U. S. 685.

In support of the rulings below, the United States cites *Commonwealth* v. *Ervine,* 8 Dana (Ky.) 30; *People* v. *Jacobs,* 165 App. Div. 721; *State* v. *Carta,* 90 Conn. 79; *People* v. *Boyd,* 67 Cal. App. 292, 302; and *People* v. *Steinmetz,* 240 N. Y. 411. The arguments for admissibility to be gleaned from these cases are that the introduction of the withdrawn plea shows conduct inconsistent with the claim of innocence at the trial; that the plea is a statement of guilt having the same effect as if made out of court; that it is received on the principle which permits a confession of the accused in a lower court to be shown against him at his trial in the higher court; that it is not received as conclusive, and, like an extra-judicial confession, it is not sufficient without other evidence of the *corpus delicti.* It is sometimes likened to prior testimony of the defendant making in favor of the prosecution.

Other decisions support the petitioner's contention that a plea of guilty withdrawn by leave of court is not admissible on the trial of the issue arising on the substituted plea of not guilty. *Heim* v. *United States,* 47 App. D. C. 485; *State* v. *Meyers,* 99 Mo. 107, 119; *People* v. *Ryan,* 82 Cal. 617; *Heath* v. *State,* 214 Pac. (Okla.) 1091. And see *White* v. *State,* 51 Ga. 286, 290; *Green* v. *State,* 40 Fla. 474, 478. We think that contention is sound. A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads

he may be held bound. *United States* v. *Bayaud,* 23 Fed. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. *Commonwealth* v. *Crapo,* 212 Mass. 209. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. *Swang* v. *State,* 2 Coldw. (Tenn.) 212; *State* v. *Maresca,* 85 Conn. 509; *State* v. *Nicholas,* 46 Mont. 470, 472; *State* v. *Stephens,* 71 Mo. 535; *People* v. *McCrory,* 41 Cal. 458, 461; *State* v. *Coston,* 113 La. 717, 720; Bishop's New Criminal Procedure, § 747.

The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it *pro tanto.* *Heim* v. *United States, supra,* 493. The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive. Under the charge, if the plea was found not improperly obtained, the jury was required to give it weight unless petitioner was shown to be innocent. And if admissible at all, such plea inevitably must be so considered. As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him. "The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty." *White* v. *State, supra,* 290. It is beside the

mark to say, as observed by the Circuit Court of Appeals, that petitioner knew better than any one whether or not he was guilty and that under the evidence a plea of guilty was a reasonable thing. These suggestions might bear upon the weight of admissible evidence but they have no relation to the admissibility of a withdrawn plea.

Courts frequently permit pleas of guilty to be withdrawn and pleas of not guilty to be substituted. We have cited all the decisions, state and federal, which have come to our attention, that pass on the question here presented. The small number indicates that in this country it has not been customary to use withdrawn pleas as evidence of guilt. Counsel have cited no case, and we have found none, in which the question has been considered in English courts.

We think the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty.

*Judgment reversed.*

MR. JUSTICE STONE concurs in the result.