**UNITED STATES of America ex rel.
Paul H. MARTINSON, Petitioner,**

v.

**Harold W. FOLLETTE, Warden, Green
Haven Prison, Stormville, New York,
Respondent.**

No. 69 Civ. 3390.

United States District Court
S. D. New York.

Dec. 11, 1969.

Paul H. Martinson, pro se, petitioner.

Louis J. Lefkowitz, Atty. Gen., State
of New York, New York City, for re-
spondent, Steven M. Hochberg, New
York City, of counsel.

MEMORANDUM

COOPER, District Judge.

Petitioner applies for a writ of habeas
corpus alleging that his guilty plea to
second degree murder entered June 8,
1955 in County Court, Bronx County,
was involuntary because it was induced
by the promise of the Bronx County
District Attorney to withdraw then
pending and related indictments for kid-
napping and robbery. Petitioner is
presently confined in Green Haven Pris-
on serving a sentence of thirty years to
life, as commuted, on this judgment.

In a previous motion heard in Su-
preme Court, Bronx County, on October
20, 1965, petitioner urged vacation of
his guilty plea on the ground that his
counsel, then deceased, had informed
him that the Bronx District Attorney
had promised that petitioner would re-
ceive a sentence of twenty years to life
if he pleaded guilty to murder in the
second degree. Neither petitioner nor
any of the witnesses at that hearing
even in the remotest sense suggested
that petitioner had been promised dis-
missal of the other two indictments as
an inducement to his guilty plea. After
a full evidentiary inquiry the hearing
justice held that no promise had been
made as alleged by petitioner.

Having failed in that attempt peti-
tioner asserted in the state courts by
way of coram nobis the instant allega-
tions of promissory inducement. The
hearing justice granted the Assistant
District Attorney's motion to dismiss
the kidnapping and robbery indictments
(which were apparently no longer viable
under § 668 of the New York Code of
Criminal Procedure) and by order dated
November 1, 1967 denied petitioner's ap-
plication on the ground that even if a
promise had been made it had never
been broken and was now formally ful-
filled.[1]

---

1. This order was unanimously affirmed by
the Appellate Division, First Department,
on April 8, 1969 and leave to appeal to
the New York Court of Appeals was de-
nied on June 27, 1969. Petitioner has
accordingly exhausted state remedies.

Petitioner's belated assertion of this alleged inducing promise first made more than eleven years after his guilty plea, combined with a prior unsuccessful assertion of inducement by a different alleged promise in which petitioner did not even intimate the existence of the promise now put forward, certainly at the very least "casts doubt upon the veracity of the present allegations." See United States ex rel. McGrath v. LaVallee, 348 F.2d 373, 377 (2d Cir. 1965); United States ex rel. Mitchell v. McKendrick, 290 F.Supp. 661 (S.D.N.Y. 1968). Moreover, the record of petitioner's guilty plea affords no support to his claim. Only at the time of sentence is there an indication by defense counsel that the prosecutor had at some time indicated he would seek to "dispose" of the indictments then outstanding—a routine procedure. There is absolutely nothing to indicate that this took the form of a promise prior to petitioner's guilty plea.

Even assuming the existence of such a promise as alleged it was not of such a nature that would deprive petitioner's guilty plea "of the character of a voluntary act." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). The promise here claimed was not for leniency of sentence. Compare, *e. g.*, Machibroda v. United States, *supra*; United States ex rel. McGrath v. LaVallee, *supra*; United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508, 515–519 (E.D.N.Y. 1967); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y. 1966). Petitioner, with the advice of competent counsel, pled guilty to an offense less than each of those with which he was charged. There is nothing to indicate he did not make a "reasoned

choice."[2] Further, even as alleged by petitioner, this is not an instance of bad faith or broken promises by the prosecutor. See United States v. Miss Smart Frocks, Inc., 279 F.Supp. 295, 299 (S.D. N.Y. 1968). Petitioner's plea was to a lesser offense and the other indictments were in fact never pressed against him.

Accordingly, an evidentiary hearing is not required here and petitioner's application for a writ of habeas corpus is denied.

---

2. In this regard we note there is no allegation by petitioner that his counsel "was privy to the state's plans to induce his plea of guilty by false promises;" accordingly, "defendant must be supposed to know * * * that such a promise is in

no way binding upon the court and ought not to affect the prisoner's judgment in pleading." United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 712 (2d Cir. 1960).