**Robert T. WEAVER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 69 C 129(3).

United States District Court, E. D. Missouri, E. D.

April 13, 1970.

John C. Brackman, Clayton, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This proceeding, originally filed pro se under Section 2255, Title 28, United States Code, seeks an order vacating the sentence imposed upon petitioner by the late Judge Ruby Hulen upon a plea of guilty to the offense of robbing a savings and loan association in Evansville, Indiana, in violation of Section 2113(a), Title 18, United States Code. Counsel was thereafter appointed to represent petitioner, and an evidentiary hearing has been held and briefs filed.

On December 12, 1954, petitioner was convicted, upon a trial to a jury, of robbing a bank in Pevely, Missouri, in violation of Section 2113(a) and (e), Title 18, United States Code. For this offense petitioner was sentenced on December 20, 1954 by the late Judge George H. Moore to a term of 22 years 6 months imprisonment.[1] In the interim, on December 13, 1954, petitioner was indicted for the Indiana offense. After consultation with his retained counsel, petitioner decided to make application pursuant to Rule 20 of the Federal Rules of Criminal Procedure for the transfer of the Indiana proceeding to this district for the purpose of entering a plea of guilty. The transfer was effected and the case was assigned to Judge Hulen. On February 10, 1955, petitioner pleaded guilty to the Indiana charge and was sentenced to a term of fifteen years imprisonment to run consecutively to the sentence imposed by Judge Moore.

The motion to vacate is based on two contentions: (1) that petitioner's consent to transfer and his guilty plea were induced by promises that the sentence to be imposed by Judge Hulen would run concurrently with the sentence theretofore imposed by Judge Moore and (2) that Judge Hulen failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. In essence, both grounds relate to the voluntariness of the plea. Petitioner and John T. Sluggett, the attorney who represented petitioner in both cases, were the only witnesses at the hearing of the motion to vacate.

We hold there is no credible evidence that petitioner was promised a concurrent sentence or that his consent to transfer and subsequent guilty plea were induced by any such promise. Admittedly, Judge Hulen himself made no promises either to petitioner or to Sluggett. The only testimony bearing upon any statements allegedly made by Judge Hulen was given by petitioner. We do not credit this testimony, which is, in our judgment, untrue. According to petitioner, *after* the guilty plea had been accepted and during the course of the sentencing, Judge Hulen said that he could not make the 15-year sentence concurrent with the Pevely Bank sentence because of the fact that the Pevely case was being appealed, so that "if you beat the twenty-two and a half on appeal, you'd automatically beat the fifteen", but that in the event petitioner's bank robbery conviction was affirmed, he would adjust the sentence if contacted by petitioner or his counsel.

Petitioner also testified that immediately after leaving the courtroom he "complained" to Sluggett about the consecutive nature of the sentence and that he told his lawyer that he wanted to go back and withdraw the plea, but did not do so because of Sluggett's advice that in such event the prior guilty plea could be used against him as an admission against interest at the trial in Evansville. Sluggett had no independent recollection of whether or not the alleged conversation took place, but was confident that he would not have given petitioner such advice, knowing that the law was otherwise. (Cf. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009). We do not credit petitioner's testimony.

Conceding that he had never been advised that Judge Hulen had personally promised him a concurrent sentence, petitioner testified that he had been told by Sluggett some 2 or 3 weeks before the plea that the sentence would be concurrent. Sluggett testified, however, that he was certain he had made no such promise. What Sluggett told petitioner was simply that he "would make every possible effort to obtain concurrent time." That the attempt was unsuccessful and that petitioner was disappointed by reason thereof may not be equated with a broken promise.

---

[1]. An appeal in which petitioner was represented by his retained counsel proved unsuccessful. The validity of his conviction for robbing the Pevely Bank has been the subject of other Section 2255 motions by petitioner, so far to no avail.

**6**

Clearly, the statement allegedly made by Judge Hulen *after* the plea had been entered could not have *induced* the plea. And the alleged statement, far from corroborating the existence of a *prior* promise by anyone, would appear at best to be no more than a response to a request that the 15-year sentence (already imposed, else why the reference to "the fifteen"?) be made concurrent with Judge Moore's sentence. More importantly, we cannot and do not believe that Judge Hulen would have been so ignorant of the law as petitioner's testimony would indicate.

Petitioner urges that his testimony concerning Judge Hulen's alleged promise to "adjust" his sentence is corroborated by a letter he wrote to Sluggett on January 8, 1956. We do not so construe this letter, which was written after Sluggett had visited petitioner in the penitentiary and before the Pevely appeal had been argued. The only portion of the letter relied on is the last paragraph which reads as follows: "Give Betty & the kids my best regards when you see them. Do you entend (sic) to wait until the hearing on the appeal, then see Judge Hulen, before you do anything in regards to the other thing I was telling you about. Answer real soon."

Petitioner did not testify concerning this letter, so that we are asked to speculate as to its meaning. Sluggett, from whose file the letter was produced, testified that he had no recollection of what "other thing (petitioner) was telling (him) about." "The other thing" could not have been the alleged agreement to adjust the sentence, not merely because such alleged action was to be taken only in the event the Pevely conviction was affirmed (and not prior to the hearing) but also, in view of Sluggett's presence in court at the time, any action taken by him pursuant to Judge Hulen's alleged statement would not have been "in regard to the other thing *I* was telling you about." And of even greater importance, the letter requested Sluggett to answer "real soon." Sluggett testified that he had voluminous correspondence with the petitioner over the course of the years, but in a diligent search of his files found no letter (other than the January 8, 1956 one) which in his opinion had the slightest relevance to petitioner's story. The attorney's file itself was not offered in evidence. If Sluggett actually replied "real soon" (or even at a later date) concerning the "other thing" about which petitioner had spoken to him, such reply was not produced at the hearing, so that it may be inferred that the "other thing" could not have been the alleged promise to "adjust" the sentence. And if Sluggett did not reply to the January 8, 1956 letter, it would be strange indeed that petitioner would not again have adverted to the "other thing" in his subsequent "voluminous" correspondence.

We find as a fact not only that no promise was made to petitioner either by Sluggett or by anyone else, but that nothing was said or done which could reasonably have led petitioner to believe that a promise of a concurrent sentence had been made.

The remaining ground of the motion relates to Judge Hulen's alleged noncompliance with Rule 11. The applicable portion of this rule as it read in 1955 provided, "The Court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

The best evidence of compliance vel non with Rule 11 is a transcript of the proceedings. The problem in the present case is that no transcript is in the court file nor is there any minute entry indicating that one had been filed by the court reporter. Compounding the problem is the further fact that the reporter's notes were destroyed by the Clerk pursuant to the authority of the Court Reporter Act.

■ The mere absence of a transcript does not of itself in this pre-*McCarthy*[2] case demonstrate that Judge Hulen failed to follow the provisions of Rule 11. Nor does such absence demonstrate that Judge Hulen failed to determine that petitioner entered his plea voluntarily and with an understanding of the nature of the charge against him.

■ In reviewing the "totality of circumstances," we note initially that Judge Hulen is dead and that petitioner's counsel has no recollection at all of what transpired at the time of sentencing. It is not without significance, however, that petitioner was in fact represented by counsel of his own choice, although we do not mean to imply that the presence of retained counsel excuses a non-compliance with Rule 11. Here, the same counsel had represented petitioner in the jury trial of the bank robbery case in which prosecution was had under the same statute as that of the Evansville savings and loan association robbery. That petitioner discussed the details of the charge with Sluggett and that the transfer of the case to this district for the purpose of pleading guilty was voluntarily initiated by petitioner is not in dispute. There can be no doubt that petitioner fully understood the nature of the Indiana charge and the consequences under the law of a plea of guilty. Petitioner does not claim otherwise. There is no contention that petitioner was unaware that a sentence of 15 years *could* be imposed upon him after a plea of guilty, nor that such a sentence *could* be consecutive to the sentence imposed by Judge Moore in the Pevely bank case. The sole contention is that petitioner's attorney had promised him that a concurrent sentence would be imposed. We have already ruled adversely to this contention. In our judgment, there is no credible evidence that petitioner's plea was made other than voluntarily and with understanding of the nature of the charge. We find that it was so made.

The foregoing opinion constitutes our findings of fact and conclusions of law.

The motion to vacate judgment and sentence should be and it is hereby denied.

---

2. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418.