**Bill C. RUNYON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–16–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Aug. 14, 1970.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Bill C. Runyon, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with the United States District Court for the Eastern District of Virginia, and by order dated April 20, 1970, was transferred to this court.

Petitioner complains of a judgment of the Circuit Court of Rockingham County imposed on March 2, 1966, wherein he was convicted of three counts of statutory burglary and sentenced to a term of two years imprisonment. Petitioner, represented by court-appointed counsel, entered a plea of guilty to the statutory burglary charges and was tried by a judge without a jury.

Petitioner filed a petition for a writ of habeas corpus in the Virginia Supreme Court of Appeals, which petition was dismissed on June 17, 1969. A subsequent petition, filed in the Circuit Court of Rockingham County, was dismissed on October 21, 1969, upon a finding that the guilty plea was voluntary. Petitioner has exhausted his available state court remedies in compliance with 28 U.S.C. § 2254.

Petitioner's only complaint is that an illegal confession was used to convict him. A voluntary plea of guilty is itself a conviction and nothing remains but to give judgment and determine the punishment. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L. Ed. 1009 (1927). This petitioner has not alleged that the guilty plea was involuntary and the record does not disclose that it was. This court has recently held in St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va. March 18, 1970), that Boykin v. Alabama, *supra*, does not have retroactive application. However, the trial transcript discloses that the trial judge made inquiry to determine whether the plea of guilty was voluntary. Having voluntarily pled guilty, petitioner was convicted on the basis of the guilty plea and not the confession.

Petitioner cannot complain that an illegal confession coerced his plea of guilty. The voluntariness of the guilty plea is questioned only in the circumstance where petitioner alleges he was incompetently advised by his attorney concerning the admissibility of the confession. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970). Petitioner has not alleged this set of facts and no consideration is necessary.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.