The State of Ohio v. Allen.

(No. 20711—Decided February 5, 1971.)

Common Pleas Court of Scioto County.

*Mr. Everett Burton*, prosecuting attorney, for plaintiff.
*Mr. Steven J. Allen*, for defendant.

Marshall, J.    On January 25, 1971, the defendant caused to be filed herein "A Petition to Vacate Sentence and Set Aside Judgment with Motions and Brief." The court is controlled by the provisions of R. C. 2953.21 to 2953.24.

Petitioner states that he is entitled to relief for the reason that, after being arrested and taken into custody by officers of the Portsmouth Police Department and the Ohio State Highway Patrol, "he proceeded to give incriminating statements about himself without ever knowing precisely what the charges were against him, nor the consequences involved." He alleges further that although he stated to the officers that he would like to consult an attorney before he answered any questions, they took him "into custody without advising him of his rights to remain silent, or that he had the right to consult with counsel, or if he could not afford counsel the state would appoint counsel to represent him." Petitioner says further that "he was induced by the court and his appointed counsel to plead guilty only to save the court time and money, however, the defendant feels that his rights were infringed

upon prior to his appearance in court and he feels the court should recognize this fact without the petitioner going into the illegal procedures of the court accepting his guilty plea at face value,'' and ''Although the petitioner was appointed counsel at the time of the trial, that fact should not bar his seeking post-conviction relief because the issues he wishes to have a judicial determination on, took place before the appointment of counsel, and, therefore, such could not be res adjudicata.''

It would appear, therefore, that petitioner is asking the court to determine that he was deprived of certain constitutional rights prior to the entering of his plea of guilty, and that by reason thereof the judgment and sentence based upon the guilty plea should be vacated.

The court has examined all the files and records of the proceedings, including the court reporter's notes of the proceedings in open court, which reveal that:

1. By affidavit of the Portsmouth Chief of Police executed April 3, 1969, and filed in the Portsmouth Municipal Court, petitioner was charged with breaking and entering in the night season on April 1, 1969, a building owned by Bank Repossession Sales located at 1521 Gallia Street, Portsmouth, Ohio, with the intent to steal and carry away three sets of 1968 Ohio Dealer License tags, two sets of keys and a Westclock Bullseye pocket watch, and that he did steal and carry away the same.

2. On April 7, 1969, petitioner appeared in Portsmouth Municipal Court where the judge advised him of the fact that the crime with which he was charged was a felony punishable by imprisonment for not less than one year in a penitentiary, and of his right to counsel. Petitioner entered a plea of not guilty and, after hearing the evidence, the court found probable cause and bound him to the grand jury under a bond of $2,000.00.

3. On May 5, 1969, the grand jury returned a true bill of indictment for said offense, and on May 6th, the sheriff served a copy thereof on the petitioner.

4. On May 12th, petitioner was brought into this court by the sheriff, and at his request, upon a finding that he

was in indigent circumstances and unable to employ an attorney, Raymond T. Switalski was appointed as counsel for his defense.

5. On May 15th, petitioner appeared in this court with his attorney and entered a plea of not guilty, whereupon said case was assigned for trial to a jury at 9:30 a. m. on June 30, 1969.

6. At the time and on the day set for trial, petitioner again appeared in this court, with his attorney, withdrew his former plea, and entered a plea of guilty as charged in the indictment. Upon being requested by the court to relate the manner in which he had committed the offense, petitioner stated that "I went up and broke into this place and then went to my cousin's house. That's about all there was to it." He said that he took a watch and some car keys. This court asked, "Did you later take a car?" To which petitioner responded "Yes." This court then said, "You know you are not eligible for probation?" To which petitioner responded, "Yes."

7. On the same date the court sentenced petitioner to the Ohio State Penitentiary, and it is from that judgment that petitioner seeks relief.

The records of this court reveal that in Case No. 20218 petitioner was placed on probation for the crime of burglary on June 27, 1966; that probation was revoked and he was sentenced to the Ohio State Reformatory on April 14, 1967; and that he was released and placed on parole until April 5, 1969. The records show further that at the same time he was indicted for the offense in this case, the grand jury also returned an indictment against him in case No. 20710, charging that he committed the crime of auto larceny on April 1, 1969. Attorney Switalski was appointed to represent him in that case also. On July 7, 1969, one week after petitioner entered his guilty plea herein, the prosecuting attorney entered a *nolle prosequi* to the indictment for auto larceny.

Petitioner's allegations that he was not given the *Miranda* warnings and that he made incriminating statements to police officers, even if true, cannot be considered

as prejudicial to his rights herein. Petitioner was represented by Mr. Raymond T. Switalski, who appeared with him in this court during all critical stages of the proceedings. Mr. Switalski is recognized as being an able and professionally responsible attorney, and is presently President of the Portsmouth Bar and Law Library Association.

The court finds from the records of the proceedings that the guilty plea of petitioner was not coerced, and that it was voluntarily and knowingly made with full understanding of all the consequences thereof. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound." *Kercheval* v. *United States*, 274 U. S. 220.

Upon the findings of fact and conclusions of law herein above set forth, the court determines that there are no substantive grounds for the relief requested; and that there was no denial or infringement of the rights of the petitioner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

The petitioner is not entitled to relief and his petition is dismissed.

*Petition dismissed.*