Donald Louis CURTIS *v.* STATE of arkansas

CR 73-121                                    500 S.W. 2d 767

Opinion delivered November 5, 1973

*Eugene Hunt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen. for appellee.

JOHN A. FOGLEMAN, Justice. Donald Louis Curtis, then 13 years of age, was charged on October 1, 1970, with three counts of burglary, two counts of grand larceny and one count of rape. After advice by Jack Holt, Jr., an attorney employed by his parents, appellant entered a plea of guilty and was sentenced to serve 30 years in the Arkansas Department of Corrections. His petition for postconviction relief under Criminal Procedure Rule 1 was denied on March 7, 1973. In that petition he admitted guilt of two counts of burglary, but denied guilt of all other charges. He asserts two alleged errors as a basis for reversal. We find no merit in either assertion.

Appellant first asserts that the circuit judge erred by admitting his alleged confession into evidence during the hearing on his petition for postconviction relief. Even if we should agree with him that the alleged confession was involuntary, the error was harmless. One who enters a plea of guilty after he has had advice of counsel may not thereafter raise claims relating to deprivation of constitutional rights prior to his plea, except by showing that the plea was not voluntarily and intelligently entered because the advice he received from counsel was not within the range of competence demanded in criminal cases. *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657. Appellant, now represented by another attorney, has not even made this contention, much less the required showing.

Since appellant was so young at the time, we have considered other factors in addition to his failure to argue that his attorney's advice was not in accord with required standards. We cannot say there is no evidentiary support for the trial court's findings, among others, that: appellant's plea of guilty was entered freely and voluntarily; both he and his mother fully understood the consequences of the plea; the plea and sentence had been arrived at through plea negotiations between his attorney and the prosecuting attorney; he was fully, completely and adequately represented by his retained counsel, both

prior to, and at the time of, the plea of guilty. We note that these findings were made by a judge other than the one who accepted the plea of guilty.

Furthermore, the record discloses that appellant's attorney had filed a motion challenging the validity and voluntariness of the confession, a motion for continuance and a motion for trial setting. Appellant testified that he advised his attorney of all the circumstances surrounding the giving of his statement to the officers. There was testimony by Mr. Fletcher Long, deputy prosecuting attorney in St. Francis County, showing that negotiations extending over a period of several months had been initiated by Holt. After Holt had filed motions for a continuance, for a bill of particulars, for disclosure of documents, and for severance of trial, Long said that he permitted Holt to examine everything in the prosecuting attorney's files. He stated that, after discussions about the voluntariness of the youth's statements to the officers and an investigation by Holt, this attorney conceded that he could not discredit the testimony of the officers on this subject. Long also testified that, because of Curtis' age, he took the precaution of assuring himself of the voluntariness of the statement by interviewing young Curtis, after having advised the youth of his constitutional rights. It is not unreasonable to assume that there was an appropriate basis for appellant's failure to challenge the competence of his attorney's advice.

Appellant's other contention is that the state failed to establish his capacity, at age 13, to commit the crimes with which he was charged. His guilty plea was itself a conviction, and, after it was entered, nothing remained except to enter judgment and fix punishment. *Kercheval v. United States,* 274 U.S. 220, 47 S. Ct. 582, 71 L. Ed. 1009 (1927). It was, in itself, an admission of all the elements of the charges. *McCarthy* v. *United States,* 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). It also constituted a waiver of any defense that might have been raised at the trial of the charges. *Cox* v. *State,* 255 Ark. 204, 499 S.W. 2d 630. The state was not required to prove

any element of the crime, since the plea of guilty was sustained. Here again, because of appellant's youth, we sought to find anything to indicate that appellant's attorney was not fully aware of this possible defense and of appellant's mental capacity. We have been unsuccessful. It is significant that appellant was committed to the Arkansas State Hospital for psychiatric examination and observation prior to Holt's employment. We have no reason to believe that the results of this evaluation were not available to counsel and given appropriate consideration by him.

Even with the more extended review accorded appellant because of his youth, we cannot say that his plea of guilty is vulnerable on collateral attack. No doubt the age of the offender has been, and will be, given consideration by the Department of Corrections.

The judgment is affirmed.

HOLT, J., not participating.