**UNITED STATES of America, Plaintiff,**

v.

**Christopher I. UDEAGU, Defendant.**

**No. CR–86–43.**

United States District Court, E.D. New York.

May 5, 1986.

---

1. It is important to stress that the findings made in this memorandum are made for purposes of    this petition only.

Reena Raggi, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. by Valerie E. Caproni, Asst. U.S. Atty., for U.S.

Thomas F. Liotti, Carle Place, N.Y., for defendant.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

### FACTS

Defendant was charged with the knowing and intentional importation of heroin and of possession with intent to distribute, 21 U.S.C. §§ 952(a)(1), 960(a)(1), 960(b)(1)(A), 841(a)(1) and 841(b)(1)(A). On March 10, 1986, he pled guilty to one count of illegal importation of heroin. At the time of his plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, under oath with his counsel present and advising him, freely admitted his guilt and described his participation in detail on the record.

On April 15, 1986, defendant moved to withdraw his guilty plea, principally on the ground that he was not in fact guilty. This motion was granted.

Defendant has moved for a ruling *in limine* on whether the government, to impeach the credibility of defendant should he take the stand, can use the statements made by him during his plea allocution. Such evidence would be introduced by the government on cross-examination should defendant elect to take the stand in his own defense since his testimony would have to be inconsistent with his admission under oath at the time his guilty plea was received.

### LAW

Rule 11 of the Federal Rules of Criminal Procedure as well as Rule 410 of the Federal Rules of Evidence preclude the use of evidence of incriminating statements made in connection with a guilty plea which is later withdrawn, to impeach the defendant.

To determine the admissibility of any statements made in connection with a plea of guilty which is later withdrawn we turn first to Evidence Rule 410. It contains language identical to Criminal Rule 11(e)(6) which states:

except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(A) a plea of guilty which was later withdrawn;

(B) a plea of nolo contendere;

(C) *any statement made in the course of any proceedings under this rule* regarding either of the foregoing pleas; or

(D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

However, *such a statement is admissible* (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) *in a criminal proceeding for perjury or false statement* if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

(Emphasis added). It is apparent that oral statements at the plea proceeding are not admissible except in a prosecution for perjury or false statement.

This conclusion is reinforced by Criminal Rule 11(c)(5) which provides:

Before accepting a plea of guilty, the court must address the defendant personally in open court and inform him of, and determine that he understands [that].... if the court intends to question the defendant under oath, on the record,

and in the presence of counsel about the offense to which he has pleaded, that his answers may later be used against him in a prosecution for perjury or false statement.

Since the defendant is specifically warned by the trial judge of the possible use in a perjury or false statement prosecution, the clear implication is that it may not be used at the trial should the court reject the plea of guilty or permit it to be withdrawn after acceptance.

Evidence of incriminating statements made in connection with a plea of guilty which is later withdrawn may not be used against defendant at trial as part of the government's case-in-chief as evidence of his guilt. The reason is clear: the incriminatory admissions would make withdrawal of the plea nugatory since conviction would almost surely result from a trial. *See Kercheval v. United States,* 274 U.S. 220, 225, 47 S.Ct. 582, 583–84, 71 L.Ed. 1009 (1927) ("We think the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty."); *Hamilton v. Craven,* 350 F.Supp. 1251, 1257 (N.D.Cal.), *aff'd,* 469 F.2d 1394 (9th Cir.1971) ("Had petitioner pled guilty in open court prior to his trial and later withdrawn his plea, ... it is clear that as a matter of constitutional law, the prior plea could not be introduced against him").

Case law holds that illegally obtained statements are inadmissible in the government's direct case, but that they may nonetheless be introduced to impeach the credibility of a defendant who takes the stand and whose testimony is contrary to those statements. *See Oregon v. Hass,* 420 U.S. 714, 723, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975) ("inadmissibility would pervert the constitutional right [against self-incrimination] into a right to falsify free from the embarrassment of impeachment evidence from the defendant's own mouth"); *Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971) ("The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.") Such evidence may be used to impeach statements made by a defendant in response to "proper cross-examination reasonably suggested by the defendant's direct examination." *United States v. Havens,* 446 U.S. 620, 627, 100 S.Ct. 1912, 1917, 64 L.Ed.2d 559 (1980).

This rule limiting the exclusionary rule is based upon the need to weigh, on the one hand, the policy favoring full cross-examination placing pressure on witnesses to speak the truth and giving the trier a basis for credibility evaluation, and, on the other hand, the need for the exclusionary rule to safeguard a defendant's constitutional rights. The deterrent effect of the exclusionary rule is sufficiently served, the Supreme Court has concluded, if the illegally obtained evidence cannot be used by the government in its direct case. *Id.*

Rules 410 and 11 introduce another factor into the equation. These rules are designed to encourage unrestrained candor necessary to produce effective plea discussions and pleas. *See* H.Conf.Rep. No. 94–414, 94th Cong., 1st Sess. 10 (1975), U.S. Code Cong. & Admin.News 1975, p. 674. Rule 410 was originally promulgated with the proviso that it would not apply to "voluntary and reliable statements made in court on the record in connection with [an offer to plead guilty] when offered for impeachment purposes...." Pub.Law No. 93–595, 88 Stat. 1926, 1933 (1975). The rule was, however, adopted with the stipulation that it would be superseded by any inconsistent amendment to Rule 11. *See* H.Conf.Rep. No. 93–1597, 93rd Cong., 2d Sess. 1 (1974), U.S.Code Cong. & Admin. News 1974, p. 7051. Congress, in amending Rule 11 in 1975, refused to adopt the impeachment proviso. *See* H.Conf.Rep. No. 94–414, 94th Cong., 1st Sess. 10 (1975), *reprinted in* 1975 U.S.Code Cong. & Ad. News 713, 714. Rule 410 was thereafter amended to conform to Rule 11 and the impeachment proviso was eliminated. Pub.L. No. 94–149, § 1(9), 89 Stat. 805

(1975). This legislative history establishes Congress' explicit intention to preclude use of statements made in plea negotiations for impeachment purposes. *United States v. Lawson,* 683 F.2d 688, 693 (2d Cir.1982).

There is even less reason to allow the use of the statements for impeachment in this case than in *Lawson.* In the first place, here the court itself impliedly promised defendant that his statements could be used only in a perjury or false statement proceedings. Second, should the defendant elect to take the witness stand during his trial and testify contrary to the inculpatory statements made under oath at his plea allocution, there are prima facie grounds for a prosecution for perjury. This threat is sufficient to ensure truthfulness in almost all cases. Additionally, the distinct possibility that the court will consider perjury in sentencing precludes all but the most foolish defendant from lying under these circumstances.

CONCLUSION

The statements of defendant given in open court under oath in the presence of counsel under Rule 11 when admitting details of guilt may not be used at defendant's trial after the plea of guilty is withdrawn.

So ordered.