871 F.2d 1149
 276 U.S.App.D.C. 409
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Rown BROWN, Appellant.
 No. 88-3049.
 United States Court of Appeals, District of Columbia Circuit.
 March 15, 1989.
 
 Before WALD, Chief Judge, and STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and was briefed by the parties and argued orally by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the order of the district court dated March 16, 1988, denying appellant's motion to withdraw his guilty plea be affirmed and that appellant's conviction and sentence pursuant to that guilty plea also be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Defendant Rown Brown pled guilty to and was convicted of possession with intent to distribute five grams or more of cocaine. He challenges his conviction on three grounds: (1) that the district court erred in refusing to release him on bail pending trial; (2) that the court erred in refusing to permit him to withdraw his guilty plea; and (3) that his constitutional right to a speedy trial was violated. Because Brown's notice of appeal was not timely filed, we dismiss the appeal.
 
 
 5
 Fed.R.App.P. 4(b) provides that a defendant's notice of appeal in a criminal case must be filed within ten days of the entry of the judgment. Brown was sentenced on March 28, 1988. Under the provisions for the computation of time provided in Fed.R.App.P. 26(a), the ten day period expired on April 7. Because Brown did not file his notice of appeal until April 11, we find that the notice was not timely filed and therefore dismiss the appeal.
 
 
 6
 In any event, however, appellant's assertions of error are without merit. As Brown's counsel acknowledged at oral argument, that if the district judge was within his discretion in denying the motion to withdraw the guilty plea, then Brown's claims of unconstitutional pretrial detention and denial of his right to speedy trial have been mooted by his conviction. As to Judge Penn's ruling on the withdrawal motion, we find that it was well within his discretion.
 
 
 7
 Under Fed.R.Crim.P. 32(d), the district court must undertake a two-step inquiry in determining whether a defendant should be permitted to withdraw his plea of guilty: first, the defendant must establish a "fair and just reason" to permit withdrawal of the plea, and second, if he can establish such a reason, the court must consider the extent to which the government would be prejudiced by withdrawal. See Note of Advisory Committee on Rules, 97 F.R.D. 245, 312 (1983). In the end, however, the determination whether withdrawal will be permitted is one for the district court "in the exercise of its discretion." Kercheval v. United States, 274 U.S. 220, 224 (1927).
 
 
 8
 In his opinion denying Brown's motion to withdraw the plea, Judge Penn searchingly explored the various issues entailed in the withdrawal inquiry and concluded that the motion should be denied. We will not disturb his judgment. It is enough to say that it is unclear whether Brown has met even the first element of the test. Counsel suggests three factors to support the motion for withdrawal: (1) that Brown now asserts his innocence; (2) that Brown may have been incompetent when he entered his plea; and (3) that Brown may have been coerced to plea by harassment at the prison where he was being held. Brown has submitted no affidavits from himself or anyone else to support these claims, however, and the record reflects that the court quite reasonably concluded, both at the time it accepted the guilty plea and at the time it denied the motion to withdraw, that Brown was not coerced into pleading, that he was competent, and that there was a factual basis to support the plea.
 
 
 9
 Even if the court should have found that Brown established the required "fair and just" reason to support withdrawal of his plea, however, the government's demonstration of the prejudice that would follow from a granting of the motion was sufficient to justify its denial. A number of the government's witnesses (including its star witness) would be unavailable for any trial, a development that the government could have avoided had it known that it would have to proceed to trial. Brown provides us with no basis on which to conclude that the district court's determination therefore to refuse withdrawal was improper, especially in light of the weak initial showing in favor of the granting of that relief.
 
 
 10
 Accordingly, we refuse to upset the order of the district court denying Brown's motion to withdraw his plea of guilty.