47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adalberto RIVERA-VALDIVIA, Defendant-Appellant.
 No. 93-50837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1994.
Decided Feb. 13, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adalberto Rivera-Valdivia appeals his conviction following entry of a guilty plea to one count of importation of marijuana in violation of 21 U.S.C. Secs. 952 and 960. Rivera-Valdivia contends that the district court erred in denying his motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). We affirm.
 
 
 3
 The denial of a Rule 32(d) motion is subject to an abuse of discretion standard of review. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). The court reviews the voluntariness of a guilty plea de novo. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). Finally, whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 4
 Rivera-Valdivia maintains that his ineffective assistance of counsel led to his plea of guilty, and that his confession at the time of his arrest was given involuntarily. Thus, he asserts that he is entitled to withdraw his guilty plea. Fed.R.Crim.P. 32(d) states that the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. The standard for "fair and just reasons" to withdraw a guilty plea is set forth in Kercheval v. United States, 274 U.S. 220, 224 (1927) ("[T]he court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence.").
 
 
 5
 Rivera-Valdivia asserts that his assistance of counsel was ineffective because his attorney did not provide an interpreter. Therefore, he claims that there are fair and just reasons for withdrawing his guilty plea. In Gonzalez v. United States, 33 F.3d 1047, 1051 (9th Cir.1994), the court held that allowing the assistance of defendant's wife to interpret and convey the essence of the charges against him and the nature of the plea agreement was not ineffective assistance counsel. Rivera-Valdivia's daughter interpreted the information for him at the meetings with the attorney, and even though it was not translated verbatim, the substantive language was properly communicated. Thus, Rivera-Valdivia has failed to show that his counsel was ineffective.
 
 
 6
 Rivera-Valdivia further contends that his guilty plea was involuntary because he was coerced into pleading guilty. On the day of his arrest he confessed to the charges and on December 16, 1993 he entered a plea of guilty. There is no evidence to substantiate the defendant's statement that he pled guilty as a result of threats to his family. The district court held an evidentiary hearing and determined that Rivera-Valdivia's plea was voluntary and intelligent. Rivera-Valdivia's argument that his counsel was ineffective and his plea was involuntary fails to meet the requirements that a plea must be unfairly obtained, or given through ignorance, fear or inadvertence in order to result in the withdrawal of a guilty plea. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3