Correa v. Warden, NHSP            CV-02-362-JD   03/20/03
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Orlando Correa

        v.                              Civil No. 02-362-JD
                                        Opinion No. 2003 DNH 047
Warden, New Hampshire
State Prison


                            O R D E R


     Orlando Correa seeks a writ of habeas corpus, pursuant to 28

U.S.C. § 2254, arising from his guilty plea to manslaughter and

his sentence of twelve to twenty-four years.  Correa contends

that in pleading guilty he did not knowingly, intelligently, and

voluntarily waive his right to trial because he is Spanish

speaking and was not provided with an interpreter.  The Warden

moves to dismiss the petition on the ground that Correa did not

exhaust his claims in state court.  Correa, who is represented by

counsel, did not file a response to the Warden's motion.

     A petitioner challenging his state conviction pursuant to §

2254 must first exhaust available state remedies or show that an

exception applies.  § 2254(b); Barresi v. Maloney, 296 F.3d 48,

51 (1st Cir. 2002).  The exhaustion requirement "ensures that

state courts have the opportunity fully to consider federal-law

challenges to a state custodial judgment before the lower courts

may entertain a collateral attack upon that judgment."  Duncan v.

<u>Walker</u>, 533 U.S. 167, 178-79 (2001). To satisfy that requirement, the petitioner must have "'fairly presented to the state courts' his constitutional claim" by, for example, citing to appropriate federal precedent. <u>Fortini v. Murphy</u>, 257 F.3d 39, 44 (1st Cir. 2001) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)). "Raising a claim for the first time to the state's highest court on discretionary review is not fair presentation for purposes of exhaustion." <u>Gunter v. Maloney</u>, 291 F.3d 74, 81 (1st Cir. 2002). On the other hand, a petitioner must present a claim for review to the state's highest court, if a right to present the claim exists, even if the court may decline review. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

Correa first asked to withdraw his guilty plea by filing a pro se motion before he was sentenced. A new lawyer was subsequently appointed to represent Correa. At the hearing on Correa's motion to withdraw his plea, before he testified, the court asked Correa if he understood English well enough to proceed without an interpreter. In response, Correa asked for an interpreter, and the hearing was adjourned.

In the intervening months, Correa's counsel filed an amended motion to withdraw the guilty plea which raised the issue of whether Correa understood the waiver of rights form, which was written in English, when his native language was Spanish. When

2

the hearing resumed with an interpreter, Correa's counsel stated that Correa wanted to withdraw his plea because at the time he entered the plea agreement he did not fully understand his rights and that he did not knowingly enter the plea. His counsel further noted that the waiver of rights was read to Correa in English, rather than his first language, Spanish. The state relied on state cases to support its argument. Correa's counsel did not provide any legal support for his case. The court denied the motion to withdraw based on the standard for withdrawal of a guilty plea set forth in State v. Sarette, 134 N.H. 133 (1991).

On appeal to the New Hampshire Supreme Court, counsel presented the issue as: "Defendant did not knowingly, intelligently and voluntarily waive his constitutional right to a jury trial. Defendant's primary language is Spanish and no interpreter was present at the time of the plea." Respondent's Appendix at 124. Counsel cited Boykin v. Alabama, 395 U.S. 238 (1969), and Kercheval v. United States, 274 U.S. 220 (1927), along with state cases. The New Hampshire Supreme Court declined to accept Correa's appeal.

Correa first presented the federal basis of his claim to the New Hampshire Supreme Court on discretionary review. The trial court relied exclusively on state law, State v. Sarette, 134 N.H. 133 (1991). In Sarette, the court considered, as a matter of

3

first impression under state law, the issue of whether medication was a sufficient reason to allow a defendant to withdraw his guilty plea before sentencing. Id. at 137. The court noted that the defendant there did not "challenge the knowing, intelligent and voluntary nature of his plea." Id. Although the court noted the federal standard "derived from dictum in Kercheval v. United States, 274 U.S. 220, 224 (1927)," the holding in Sarette was a matter of state, not federal, law. Id.

"The petitioner bears the heavy burden of demonstrating satisfaction of the exhaustion requirement." Barresi, 296 F.3d at 51. Under these circumstances, where Correa, who was represented by counsel, did not indicate the federal constitutional basis of the claim until the notice of appeal to the New Hampshire Supreme Court, and the trial court considered the claim under state law, Correa has not shown that he exhausted the claim that he brings here.

Alternatively, however, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254(b)(2). In his petition here, Correa states as grounds for relief: "1. Defendant did not knowingly, intelligently and voluntarily waive his constitutional right to a jury trial. 2. Defendant, a Latino, was not provided

4

an interpreter at time of plea." As such, Correa's claim is that his plea was not knowingly and intelligently entered due to his difficulty in understanding English.

A guilty plea, as a confession of guilt and a conviction without trial, constitutes a waiver of important constitutional rights. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); accord United States v. McDonald, 121 F.3d 7, 11 (1st Cir. 1997). Therefore, a defendant's guilty plea must be knowingly and intelligently made. Boykin, 395 U.S. at 242-43. To that end, courts are obligated "to make sure [the defendant] has a full understanding of what the plea connotes and of its consequence." Id. at 243-44; see also Hill v. Lockhart, 474 U.S. 52, 56 (1985); North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In this case, the transcript of Correa's plea proceeding amply supports the state court's initial decision to accept the plea and the court's subsequent conclusion, following a hearing, that the plea was valid. The plea proceeding was conducted in English without an interpreter and without any suggestion from Correa or his counsel that language was a problem or that an interpreter was needed. The judge asked Correa if he reviewed the acknowledgment and waiver of rights form with his attorneys before signing it, and he agreed that he had. The judge then conducted an extended colloquy with Correa about the rights

5

implicated by his decision, asking in detail, among other things, if he understood that he had a right to a jury trial including the right to hear and question all witnesses, the right to remain silent if he chose to, and the right not to be convicted except by proof beyond a reasonable doubt.

The judge asked Correa if he was giving up all of the rights they had discussed voluntarily and Correa answered that he was. Correa agreed that he understood that in pleading guilty he was admitting his guilt and that a conviction would be entered against him. Correa also answered that he was a high school graduate, that he could read and write, that he understood his attorneys, and that he understood all of the questions the judge had asked him. The judge found that Correa knew and understood his constitutional rights and that he knowingly, voluntarily, freely, and intelligently waived those rights and entered a plea. The judge accepted his plea.

At the hearing on his motion to withdraw his plea, Correa acknowledged that although Spanish was his first language, he spoke, read, and wrote in English. He agreed that all of the proceedings in the case were conducted in English beginning with his arrest and conversation with detectives in New York City, through arraignment, a suppression hearing, and his guilty plea. He also acknowledged that he had previously pled guilty to an

6

unrelated charge of possession of a controlled drug when the proceedings were conducted in English without an interpreter.

At the hearing on his motion to withdraw his guilty plea, Correa also acknowledged that he wrote the motions to withdraw his guilty plea and for appointment of new counsel himself. The motions confirm his proficiency in English. In addition, the motion to withdraw his plea demonstrates that he knew that he had waived his rights by pleading guilty because he asks that the court "regenerate" his right by permitting him to withdraw the plea.

The circumstances of Correa's guilty plea demonstrate that he understood English at the time of the plea. He knowingly and intelligently waived his rights and understood the consequences of his decision. Therefore, no basis exists to grant the writ of habeas corpus, and it is dismissed on the merits.

Conclusion

The respondent's motion to dismiss (document no. 13) is granted for the alternative reasons stated in this order. The petition for a writ of habeas corpus is dismissed both because it presents an unexhausted claim and because the claim cannot

succeed on the merits.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 20, 2003

cc:  Paul J. Haley, Esquire
     Simon R. Brown, Esquire