Daniel NIEBLAS, Petitioner–Appellant,

v.

Richard RIMMER, Deputy Director, California Department of Corrections Parole and Community Services Division, Respondent–Appellee.

No. 04–15883.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Filed Oct. 3, 2006.

Gary Dubcoff, San Francisco, CA, for Petitioner–Appellant.

Christina Vom Saal, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## ORDER

The Memorandum Disposition filed May 05, 2005 and appearing at 130 Fed.Appx. 177 is hereby WITHDRAWN. The Clerk shall file the attached Memorandum Disposition.

Judges O' Scannlain and Kleinfeld have voted to deny the petition for rehearing en banc, and Judge Beezer has recommended the same.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35(b).

The petition for rehearing en banc is DENIED.

## MEMORANDUM *

■ The California Court of Appeal unquestionably decided "contrary to" *Batson v. Kentucky*[1] in holding that no prima facie case was made regarding whether the prosecutor's use of peremptory challenges was race-based. However, this error was harmless because the trial court and the court of appeal heard and considered the prosecutor's reasons anyway, just as though the defense had been deemed to have made a prima facie case. The court of appeal concluded after careful analysis of each challenge that the challenges were based on race-neutral grounds which were not pretextual. Though petitioner makes some colorable arguments against it, under the deferential standard we are required by AEDPA to apply, we cannot conclude that the state court made "an unreasonable determination of the facts in light of the evidence presented"[2] or otherwise acted "contrary to, or involved an unreasonable application of,"[3] *Batson.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. 28 U.S.C. § 2254(d)(2).

3. *Id.* § 2254(d)(1).

■ For each of the five challenged, Hispanic veniremen, there were genuine reasons why a prosecutor might well use up a peremptory challenge on them no matter what their ethnicity was: (1) friendly looks at the defense table, avoiding the prosecutor's eyes, single, childless, and inexperienced in life; (2) young, public intoxication arrest, long hair, excessively casual manner, not appearing to take the proceedings seriously; (3) domestic violence arrest and drug and alcohol abuse counseling for husband, a legal assistant; (4) knew a witness, son charged with possession of drugs and felony assault; and (5) brother and friend convicted of drug crimes like the one charged.

Petitioner argues that if the challenged veniremen are compared to the unchallenged, the prosecutor's stated reasons are exposed as pretextual. The court of appeal declined to perform this "comparative analysis." Although comparative juror analysis has now been engaged in by the Supreme Court[4] and is now required by this Court's precedent,[5] engaging in this analysis would make no difference. Petitioner has pointed to unchallenged jurors as comparisons who were quite different, e.g., someone who had a drunk driving conviction many years ago, or who shared some but not all of the characteristics, e.g.,

young, but no apparent friendliness to the defense and hostility to the prosecution.

As for the claimed prosecutor's introduction of petitioner's prior guilty plea, petitioner did not object to the question, move to strike the answer, or request an admonition to the jury (though the court did give a limiting instruction). A few questions later, the defense moved for a mistrial.

Petitioner argues that the court of appeal acted contrary to, or unreasonably applied, *Kercheval v. United States*,[6] *Griffin v. California*,[7] and *Burch v. Louisiana*.[8] The court of appeal held, consistently with California procedural law,[9] that failure to have objected or moved to strike waived the evidentiary objection.

■ Petitioner's several additional claims of prosecutorial misconduct are also procedurally barred. The court of appeal relied on an independent and adequate state ground for barring the claims that was clearly established at the time of Nieblas's trial.[10] Petitioner did not make specific objections at trial to the prosecutor's argument on the same grounds as raised in the appeal, nor did he request any jury admonishments as required by California law to preserve issues for ap-

---

4. See *Miller–El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005).

5. *Kesser v. Cambra*, 465 F.3d 351 (9th Cir. 2006).

6. *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

7. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

8. *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979).

9. *People v. Kelly*, 1 Cal.4th 495, 3 Cal.Rptr.2d 677, 822 P.2d 385 (1992); Cal. Evid.Code § 353. The California Court of Appeal decision arguably to the contrary, *People v. Wells*, 256 Cal.App.2d 463, 64 Cal.Rptr. 59 (1967), cannot overcome the statute and the decision by the California Supreme Court in *Kelly*.

10. See *Ford v. Georgia*, 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

peal.[11]

**AFFIRMED.**

**11.** *People v. Cunningham,* 25 Cal.4th 926, 108 Cal.Rptr.2d 291, 25 P.3d 519, 568 (2001). 5