Commonwealth *v.* Henderson, Appellant.

Argued September 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward M. Kopanski,* with him *Abraham T. Needleman, Joel D. Caney,* and *Needleman, Needleman, Segal, Tabb & Eisman,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Peter S. Greenberg,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., November 13, 1970:

Elijah Henderson was found guilty by a jury of the charge of aggravated robbery and was sentenced to a term of not less than four nor more than eight years in prison. He now appeals to this court from that judgment of sentence.

He contends that error was committed when the Commonwealth was permitted at trial to cross-examine him on a guilty plea that had been previously withdrawn. The record shows that some time before his trial, the defendant indicated he would plead guilty and later, with the permission of the Court, he pleaded not guilty. At trial the district attorney cross-examined the defendant concerning his earlier guilty plea. The defense immediately asked for the withdrawal of a juror, but the request was denied. We believe it was error on the part of the learned trial court below to deny the request.

An excellent analysis of the law of this point was made by the United States District Court for the East-

ern District of Pennsylvania in the case of *United States ex rel. Spears v. Rundle*, 268 F. Supp. 691 (1967). The District Court there pointed out that to allow evidence of a withdrawn guilty plea to reach the jury would be to negate the Trial Court's permission to defendant to withdraw his guilty plea and to ultimately prejudice defendant in his right to a fair trial. To permit this result would operate as a trap on a defendant. The District Court held this procedure to be a violation of the defendant's privilege against self-incrimination under the Fifth Amendment.

The Commonwealth argues that the *Spears* reasoning is inapplicable, since in that case, the prior guilty plea was used in the case in chief of the prosecution, while in the instant case, the prior plea was introduced in the cross-examination. The Commonwealth claims a plea can be used for impeachment purposes. The United States Supreme Court refused to accept this contention long ago in the landmark case of *Kercheval v. United States*, 274 U.S. 220, 47 S. Ct. 582, 71 L. Ed. 1009 (1927) saying: "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the Court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence. Such an application does not involve any question of guilt or innocence. The Court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a

trial if for any reason the granting of the privilege seems fair and just." [citations omitted] 274 U. S. at 223, 224, 47 S. Ct. at 583, 71 L. Ed. at 1012.

We believe, therefore, that the erroneous use by the Commonwealth of a guilty plea that had been withdrawn is sufficient to require a reversal in this case. We find it unnecessary to discuss the other contentions raised by the appellant.

Reversed and remanded for a new trial.

WRIGHT, P. J., dissents.