## Commonwealth v. McCool

*William M. Panella, district attorney,* for the Commonwealth.

*Anthony J. Kosciuszko,* for defendant.

CAIAZZA, *J.,* June 25, 1993—The defendant, Michael McCool, was charged with certain violations of the Pennsylvania Crimes Code: *viz.,* burglary, receiving

stolen property, and two counts of criminal conspiracy. Having entered a guilty plea, the defendant appeared before the court for sentencing on July 8, 1992. At that time he requested permission to withdraw the guilty plea; in that regard, the attorney for the Commonwealth stated that there would be no resultant prejudice to the prosecution if the court granted the defendant's request to withdraw the guilty plea. However, in response to the defendant's motion, the court stated that the defendant would need to establish a sufficient basis supporting his request before the defendant would be permitted to withdraw his guilty plea.

Subsequently, at the hearing which proceeded on July 28, 1992, the defendant, in an effort to establish a sufficient basis in support of his request, stated that he was not guilty of the offenses which appeared in the information. During the course of cross-examination and in response to a question asked by the attorney for the Commonwealth, the defendant related that he "lied" to the court during the course of the guilty plea colloquy regarding his admission of guilt. Criminal charges were then filed by the Commonwealth against the defendant alleging false swearing, which is a violation of section 4903 of the Crimes Code, 18 P.C.S. §4903.

The defendant advances two arguments in support of his request seeking an order from the court dismissing the charges or, in the alternative, quashing the information: *viz.,* (1) that the statements made during the course of the hearing at which the defendant is seeking to withdraw a guilty plea are inadmissible; and (2) that the cross-examination of the defendant regarding the factual averments taken from his withdrawn plea colloquy violated the defendant's Fifth Amendment's rights against self-incrimination. U.S.C. Const. Amend. 5.

The Commonwealth counters by assuming the position that: (1) the prosecution can attack the credibility of the defendant by using prior inconsistent statements which appear in a guilty plea colloquy; and (2) the defendant waived his constitutional right against self-incrimination because no objection was timely interposed by counsel.

In *Commonwealth v. Jones,* 375 Pa. Super. 194, 544 A.2d 54 (1988) the Pennsylvania Superior Court held that the cross-examination of the defendant utilizing factual statements taken from a withdrawn guilty plea colloquy violated the defendant's Fifth Amendment rights against self-incrimination. Parenthetically, the court was not confronted with the admission of the existence of the actual guilty plea after it had been withdrawn, but rather with statements made during the course of the plea colloquy. In arriving at its holding, the court noted that:

"[W]here a defendant is compelled by a court to answer factual questions in relation to his plea in order for that plea to be accepted by the court, and those statements are later entered into evidence against him once the plea is withdrawn, he has been compelled to incriminate himself." *Jones supra,* at 200, 544 A.2d at 57.

The basis of the holding in *Jones* is founded on the unrestrained candor necessary to effectuate meaningful plea discussions and subsequent guilty pleas. To require a defendant, by some degree of force, however slight, to comply with a strict set of rules before a guilty plea is accepted by the court, and then to subsequently use the statements made in compliance with those rules as evidence against a defendant, is inherently violative of the Fifth Amendment rights of the defendant.

The Commonwealth urges the court to limit the holding in *Jones* to those evidentiary situations in which the Commonwealth offers to use the statements of the defendant only for impeachment purposes. However, the courts of this Commonwealth have consistently adhered to the rule that evidence of a guilty plea after it has been withdrawn, is inadmissible both for impeachment purposes or as substantive evidence. See *Commonwealth v. Henderson,* 217 Pa. Super. 329, 272 A.2d 267 (1970). See also, *United States ex. rel. Spears v. Rundle,* 268 F. Supp. 691 (E.D. Pa. 1967).

Lastly, the Commonwealth bases a portion of its argument upon the fact that the defendant "boldly admitted he lied to the court at the time of the plea." In that regard, he was asked if he admitted on page 4 of the guilty plea colloquy that he committed the burglary and in response he said, "Yes." He was then asked by the attorney for the Commonwealth if he lied to the court and again his response was "Yes." It is this statement which serves as the basis for the present charges pending against the defendant.

At both the guilty plea hearing and the later proceeding during which the defendant sought to withdraw his plea of guilty, he was fundamentally forced to offer testimony of a specific nature. In the first instance, the guilty plea would not be accepted by the court unless he admitted guilt; at the second proceeding, the court would not permit him to withdraw the guilty plea unless he established a sufficient basis to support his claim for relief. To meet his burden, he then asserted his innocence. In the first instance, the defendant was compelled to give testimony against himself in support of his guilty plea, and in the

second instance, he was likewise compelled to assert his innocence in support of his withdrawal request, thereby contradicting his initial testimony.

The procedures which involve both guilty pleas and plea withdrawal requests are designed to encourage unrestrained candor. In that regard, courts are very careful to accept a plea of guilty only if it is voluntarily entered after proper advice from counsel and with a full understanding of the concomitant consequences. When the defendant pleads guilty, he stands convicted. And, the conviction is premised upon a compulsory requirement fundamentally mandating an admission of guilt. Nevertheless, the court will vacate a plea of guilty if it is established that it was unfairly obtained or given out of ignorance, fear or even inadvertence. However, to establish a sufficient basis in support of a withdrawal request, the defendant is frequently compelled to assert his innocence. Obviously, the subsequent declaration of innocence is commonly in direct contravention to an admission of guilt and technically serves as the basis of an appropriate criminal action. However, in the view of this court, a procedure which relates to both the entry of guilty pleas and the withdrawal of guilty pleas should not be disturbed by a process which severely limits the pretrial option available to a defendant which arises out of a fear of self-incrimination.

The practical effect of the appellate case law in this Commonwealth encourages a practice which enables a defendant to enter a plea of guilty unimpeded by a fear that the record statements made during the course of a guilty plea hearing will not serve as the basis of a subsequent criminal action.

## ORDER

Pursuant to the provisions of the appended memorandum opinion, the defendant's omnibus pretrial motions for relief in the nature of a petition for habeas corpus and an application to quash information is hereby granted.