United States Court of Appeals,

Eleventh Circuit.

No. 94-3134

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Forrest Jerome FAISON, Defendant-Appellant.

Aug. 11, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-313-CR-T-23B), Steven D. Merryday, Judge.

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

In August 1993, a jury found defendant Forrest Faison guilty of two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court allowed defendant to remain free on bond pending sentencing. In September 1993, while free on bond, defendant was arrested and charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In December 1993, the district court adjudicated defendant guilty on the cocaine distribution charges; and, in July 1994, defendant plead guilty to the firearm charge.

This appeal is about the firearm charge. Defendant claims that his conviction for being a convicted felon in possession of a firearm must be dismissed because when he was released on bond he had not yet been "convicted" on the cocaine charges. According to Faison, a jury verdict of guilty, without an adjudication of guilt by the district court or other notice that he had been convicted,

does not constitute a conviction for purposes of the firearms statute.

As Faison's prior offenses were in federal court, federal law controls whether a jury verdict constitutes a conviction supporting a charge of possession of a firearm by a convicted felon. While this case presents an issue of first impression in this circuit, in *United States v. Dougherty,* 895 F.2d 399 (7th Cir.1990), the Seventh Circuit held that a jury verdict of guilty amounted to being "convicted" of the federal offense of being a felon in possession of a firearm, even though no formal judgment of conviction had been entered on the jury verdict. *Id.* at 403.[*] And, in *Dickerson v. New Banner Institute,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), the Supreme Court held that an individual is "convicted" under section 922(g) when he enters a plea of guilty and is placed on probation, even without a written adjudication of guilt. *Id.* at 112-14, 103 S.Ct. at 992. In reaching this conclusion, the Court stated that:

> "[a] plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence."

*Dickerson,* 460 U.S. at 1113-14, 103 S.Ct. at 992.

---

[*]*Dougherty* involved a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 1202(a)(1) which was enacted as part of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968. In 1986, that section was repealed by Pub.L. 99-308 § 104(b) and was incorporated into other sections of the Code. This case involves the definition of the word "convicted" under section 922(g) of Title IV of the Act. But, as the Supreme Court has found "little significant difference between Title IV and Title VII," *see Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), we think the Seventh Circuit's holding in *Dougherty* persuasive.

While neither *Dickerson* nor *Dougherty* controls the issue before this court today, those cases persuade us. We conclude that a jury verdict of guilty constitutes a conviction for the purposes of section 922(g) whether or not the court enters a formal judgment adjudicating the defendant guilty. Because a jury found Faison guilty of the cocaine charges, he was "convicted" of a felony during the time he remained free on bond; so, he was a convicted felon when found in possession of a firearm. Faison's conviction is AFFIRMED.