UNITED STATES of America

v.

**Joseph Osborne KAHOE, III.**

**Crim. No. 95–396–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 1, 1995.

Marcus Davis, Esquire, Assistant United States Attorney, Alexandria, Virginia, for United States.

Charles Cox, Alexandria, Virginia, for Joseph Osborne Kahoe, III.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

The issue before the Court is whether a plea of guilty, accepted and adjudicated by a federal district court judge, prior to sentencing, constitutes a conviction supporting a charge of possession of a firearm by a convicted felon under federal law. For the reasons that follow, this Court holds that Defendant Joseph Osborne Kahoe's plea of guilty to a violation of 18 U.S.C. § 924(c), given in and accepted by the United States District Court for the District of Columbia, prior to sentencing, constitutes a federal conviction supporting a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

## I. FINDINGS OF FACT

On January 1, 1994, Joseph Osborne Kahoe ("Kahoe") was arrested in Washington, D.C., and charged with narcotics and firearms offenses. On January 27, 1994, as a

result of that arrest, Kahoe was indicted on narcotics and firearms offenses in the United States District Court for the District of Columbia. On March 16, 1994, Kahoe entered a plea of guilty to Count Two of the indictment, that is using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On that same date, March 16, 1994, in the United States District Court for the District of Columbia, the Honorable Stanley Sporkin, District Judge, accepted Kahoe's plea and adjudged him guilty. On February 6, 1995, Judge Sporkin sentenced Kahoe to two years' imprisonment.

In the instant case, Kahoe is charged in Counts Three and Four of a pending indictment with possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, in violation of 18 U.S.C. § 922(g)(1). The instant offenses occurred on August 14, 1994, a date that falls between Kahoe's plea of guilty on March 16, 1994, which Judge Sporkin accepted and adjudicated, and Kahoe's sentencing on February 6, 1995, when the Judgment in his criminal case was executed and entered.

## II. CONCLUSIONS OF LAW

The United States contends that under 18 U.S.C. § 921(a)(20)[1], and relevant case law, a federal conviction accrues upon a defendant's plea of guilty which is accepted by the district court, and then adjudged guilty, notwithstanding that the written judgment is not entered until a later date.

Kahoe argues that under Fed.R.Crim.P. 32(b)(1), Fed.R.Evid. 803(22), and 18 U.S.C. § 921(a)(20), a federal conviction accrues upon a written judgment of guilty entered immediately after an appropriate sentence is formally imposed by the district court.[2]

1. Section 921(a)(20) states in pertinent part:
   What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings are held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless

such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, possess, or receive firearms.

2. For purposes of this Opinion, the Court does not address Kahoe's arguments which rest upon Fed.R.Crim.P. 32(b)(1) and Fed.R.Evid. 803(22) because his reliance is misplaced.
   Fed.R.Crim.P. 32(b)(1) simply concerns a probation officer's duty to conduct a presentence

In *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991–92, 74 L.Ed.2d 845 (1983), the Supreme Court held that for purposes of federal gun control laws, the definition of conviction was a question of federal law since there was an absence of Congress' intent to the contrary. In 1986, Congress subsequently overruled *Dickerson* by the enactment of the Firearm Owners' Protection Act [3], which requires that a conviction be defined in accordance with the laws of the particular jurisdiction in which the criminal proceedings are held. *See* 18 U.S.C. § 921(a)(20) (hereinafter, the "Amendment").

The Amendment has had the effect of creating 52 different definitions of when a conviction accrues. There are 50 different state definitions, the local court definition for the District of Columbia and the federal court definition, whenever a federal prosecution is brought under 18 U.S.C. § 922(g)(1).[4]

In *Dickerson*, the defendant pled guilty in a state court to the charge of carrying a concealed weapon. The Supreme Court held that, for purposes of federal law, a guilty plea by itself was conclusive and was itself a conviction. Consequently, notwithstanding the Amendment which gave effect to conviction definitions under state and local District of Columbia law, *Dickerson* remains good law as to when a federal conviction accrues under federal law.

In *United States v. Jones*, 993 F.2d 1131 (4th Cir.1993), the Fourth Circuit was presented with the question whether a state's post-conviction restoration of rights eliminated a prior federal conviction for purposes of a violation of 18 U.S.C. § 922(g)(1). In that case, the defendant was indicted on one count of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B). The indictment alleged that the defendant had previously been convicted in both U.S. District Court and state court of several felonies. The Fourth Circuit held that the underlying conviction in federal district court, and not state court, was a viable predicate conviction under the federal firearms act. *Id.* at 1133.

The *Jones* decision departed from prior decisions in both the Eighth [5] and Ninth [6] Circuit, which had held that a state's restoration of rights scheme can negate even a prior federal conviction for the purpose of 18 U.S.C. §§ 921 and 922. Because *Jones* created a split in the circuits, the Supreme Court granted certiorari in *Beecham v. United States*, —— U.S. ——, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). In *Beecham*, the Supreme Court agreed with the Fourth Circuit and held that one should look to federal law, not state law, when the underlying predicate conviction was in federal court. The Court held that a state's restoration of rights did not remove the disability of possessing a firearm imposed by federal law. *Id.* at ——–——, 114 S.Ct. at 1671–72.

■ While not dispositive on the precise issue presented by Kahoe's situation, the reasoning employed by the Fourth Circuit in *Jones*, and the Supreme Court in *Beecham*, is illustrative of the fact that federal law, and not state, determines the existence of a federal conviction.

The Fourth Circuit has not directly addressed the issue which is before this Court.

---

investigation and to submit an appropriate report before sentence is imposed.

Fed.R.Evid. 803(22) actually hinders Kahoe's argument in that it addresses the admissibility of previous convictions as an exception to the hearsay rule, and refers to a plea of guilty adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, as "evidence of a final judgment."

3. Pub.L. 99–308, § 101(5), 100 Stat. 449.

4. Section 922(g)(1) provides:

It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

5. *United States v. Edwards*, 946 F.2d 1347 (8th Cir.1991).

6. *United States v. Geyler*, 932 F.2d 1330 (9th Cir.1991).

However, the Fourth Circuit has stated that "[*Dickerson*] still stands for the general proposition that federal law governs the application of Congressional statutes in the absence of plain language to the contrary." *Yanez–Popp v. U.S. Immigration & Naturalization Service*, 998 F.2d 231, 236 (4th Cir.1993) (citing *United States v. Unger*, 915 F.2d 759 (1st Cir.1990)) (citing *Dickerson* that classification of state offense under federal sentencing guidelines is a question of federal law), *cert. denied*, 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991); *see also United States v. Morales*, 854 F.2d 65 (5th Cir.1988) (citing *Dickerson* for the proposition that whether state conviction is final for federal sentencing enhancement purposes is question of federal law).

In *Yanez–Popp*, the Fourth Circuit was presented with the question of whether, for purposes of the Immigration and Naturalization Act ("INA"), federal, rather than state, law is used to define conviction. The Fourth Circuit adopted the holding found in *In re Ozkok*, 1988 WL 235459, 1988 BIA LEXIS 4 (1988), which applied a federal rather than a state standard for defining conviction under the INA.

In reaching this conclusion, the Fourth Circuit opined that Congress had not overruled *Ozkok* with contrary legislation. In discussing *Dickerson*, the Fourth Circuit in *Yanez–Popp*, noted in dicta that "[b]y overruling the holding in *Dickerson*, Congress merely provided the contrary indication that state, not federal law, applies in interpreting the federal gun control statute." *Yanez–Popp*, 998 F.2d at 236.

Whether this dicta means that only state law applies in interpreting the federal gun control statute is unclear. The facts, as presented before this Court, were not before the Fourth Circuit then. That is to say, this Court is not faced with a prior state conviction, and the accompanying determination of what definition a state gives to the term "conviction." If this were the case, clearly

state law would control, because the Amendment's plain language states "[w]hat constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

However, the facts of Kahoe's case do not give rise to determining a state's definition of what constitutes a conviction. This is so because Kahoe was indicted under federal law in federal court. Accordingly, under the plain language of the Amendment, what constitutes a conviction is determined by the jurisdiction in which the proceedings were held. Kahoe's prior offense was in federal court, a federal jurisdiction. Quite logically, federal law controls whether a plea of guilty, accepted and adjudged by a federal district court judge, prior to sentencing, constitutes a conviction supporting a charge of possession of a firearm by a convicted felon.

In *United States v. Faison*, 61 F.3d 22 (11th Cir.1995), the Eleventh Circuit held that because the defendant's prior offenses were in federal court, federal law controls whether a jury verdict constitutes a conviction supporting a charge of possession of a firearm by a convicted felon.[7] Even though the Eleventh Circuit was faced with whether a jury verdict constitutes a conviction for purposes of 18 U.S.C. § 922(g), *Faison* stands for the sound proposition that when a defendant's prior offense(s) are in federal court, federal law governs as to what constitutes a conviction under 18 U.S.C. § 922(g). *See also Geyler, supra*, 932 F.2d at 1334 (The meaning of section 921(a)(20)'s first sentence, " '[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held,' ... is not in dispute: federal law determines the existence of a federal conviction, and state law determines the existence of a state conviction.").

---

7. *Faison* held that a jury verdict of guilty constitutes a conviction for the purposes of 18 U.S.C. § 922(g) whether or not the court enters a formal judgment adjudicating the defendant guilty. Because the jury found the defendant guilty of the

cocaine charges, he was convicted of a felony during the time he remained free on bond; therefore, he was a convicted felon when found in possession of a firearm.

## III. CONCLUSION

 In the instant case, Kahoe presents the question whether a plea of guilty, accepted and adjudicated by a federal district court judge, prior to sentencing, constitutes a conviction supporting a charge of possession of a firearm by a convicted felon under federal law.

In *Dickerson,* 460 U.S. at 112–14, 103 S.Ct. at 991–92, the Court held that an individual is "convicted" under 18 U.S.C. § 922(g) when he enters a plea of guilty and is placed on probation, even without a written adjudication of guilt. In reaching this conclusion, the Court stated:

> A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing left to do but give judgment and sentence.

*Id.* 460 U.S. at 112–13, 103 S.Ct. at 992 (quoting *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)); *accord, Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

Accordingly, Kahoe's plea of guilty to a violation of 18 U.S.C. § 924(c), given in and accepted by the United States District Court for the District of Columbia, prior to sentencing, constitutes a conviction supporting a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

An appropriate Order shall issue.

## ORDER

For the reasons put forth in the accompanying Memorandum Opinion, it is accordingly ORDERED:

(1) that Defendant Joseph Osborne Kahoe's plea of guilty to a violation of 18 U.S.C. § 924(c), given in and accepted by the United States District Court for the District of Columbia, prior to sentencing, constitutes a conviction supporting a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The Clerk is directed to send a copy of this Order to all counsel of record.