**UNITED STATES of America, Plaintiff,**

v.

**Demetric LLOYD and Ernest Macon, Defendants.**

**No. 97 CR 414.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 22, 1998.

Virginia Kendall, Assistant United States Attorney, Chicago, IL, for Plaintiff.

Thomas J. Royce, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ANDERSEN, District Judge.

The government alleges in this case that defendants Demetric Lloyd and Ernest Macon violated the federal gun laws and conspired to defraud the federal government in connection with the purchase of certain firearms. This matter is currently before the court on defendant Demetric Lloyd's motion to dismiss Count III of the indictment which charges Lloyd as being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the reasons discussed below, Lloyd's motion to dismiss Count III is granted.

### BACKGROUND

On June 12, 1997, the Grand Jury returned a three count indictment against Demetric Lloyd ("Lloyd") and Ernest Macon ("Macon") alleging that Macon acted as a "straw purchaser" of firearms for Lloyd. The indictment alleges that Macon used his State of Illinois Firearms Owners' Identification Card on three separate occasions to purchase firearms for Lloyd from the Apache Gun Shop located at 3030 West 119th Street, Merrionette Park, Illinois. The indictment alleges that Lloyd used Macon to purchase the firearms because Lloyd was a convicted felon who was ineligible to purchase firearms. Lloyd allegedly selected the firearms to be purchased and gave Macon the funds necessary to purchase the firearms. After Macon obtained the guns from the Apache Gun Shop he allegedly gave them to Lloyd in exchange for cash. Macon allegedly obtained fourteen guns for Lloyd between February 1992 and June 16, 1992.

The indictment further alleges that after each purchase Macon completed a Form 4473 issued by the Federal Bureau of Alcohol, Tobacco, and Firearms ("ATF"). The Apache Gun Shop was licensed as a firearms dealer by ATF and was required by law to have the purchaser of a firearm complete an ATF Form 4473. This form requires the purchaser to provide certain information including his name, age, and address. The form also requires the buyer to make a truthful certification that he is the actual buyer of the firearm. This requirement is designed to combat the problem of straw purchasers illegally acquiring guns for individuals that are ineligible to purchase them, such as a convicted felons, or for individuals who wish to conceal their purchase of a firearm. The ATF uses the information on the form to ensure that the buyer is not a convicted felon or is otherwise ineligible to purchase a firearm and to trace firearms that may have been used to commit crimes.

The indictment alleges that on each occasion Macon falsely represented in Form 4473 that he was the buyer of the guns when in fact he was purchasing them for Lloyd. In light of this misrepresentation, the Grand Jury charged Macon and Lloyd in Count I with conspiring to defraud the United States in violation of 18 U.S.C. § 371. Count II charges Macon with knowingly falsely representing on Form 4473 that he was the actual buyer of six firearms in violation of 18 U.S.C. § 922(a)(6). Also, Count II charges Lloyd with knowingly aiding and abetting Macon in violation of 18 U.S.C. § 2 and 18 U.S.C. 924(1)(1)(A). Count III charges Lloyd with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 7, 1998, Macon pled guilty to Count I. On September 3, 1998, Lloyd filed the instant motion to dismiss.

### DISCUSSION

The indictment charges Lloyd in Count III as being a felon in possession of a firearm in violation of Section 922(g)(1). Section 922(g)(1), commonly referred to as the "felon-in-possession" statute, forbids individuals convicted of serious offenses from possessing firearms. The statute prohibits a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from shipping, trans-

porting, or possessing in interstate or foreign commerce a firearm or from receiving any firearm that has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). The statute requires the government to establish that Lloyd has a previous felony conviction, that he knowingly possessed a firearm described in the indictment, and that the firearm traveled in or affected interstate commerce. *United States v. Johnson*, 127 F.3d 625, 629 (7th Cir.1997). Lloyd seeks to dismiss Count III on the ground that he is not a "convicted" person within the meaning of the statute.

The government contends that Lloyd is a "convicted" person for purposes of Section 922(g)(1) because he pled guilty to a felony in Illinois state court. On March 11, 1991, Lloyd pled guilty in the Circuit Court of Cook County to possessing a controlled substance with the intent to deliver in violation of Ill.Rev.Stat.Ch. 56½ ¶ 1402(c) (current version at 720 ILCS 570/402(c)). The court accepted the guilty plea and sentenced Lloyd to a term of one year probation under Ill. Rev.Stat.Ch. 56½ 1410(g) (current version at 720 ILCS 570/410(g)). Lloyd was not a "convicted" person because the court accepted the guilty plea and sentenced Lloyd "without entering a judgment." 720 ILCS 570/410(a). Lloyd completed his probationary term and, on August 27, 1992, the court entered an order discharging Lloyd's probation pursuant to Section 410. This statute provides that a "discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." 720 ILCS 570/410(g).

The issue of what constitutes a "conviction" for purposes of Section 922(g)(1) was addressed by the Supreme Court in *Dickerson v. New Banner Inst.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 991–92,74 L.Ed.2d 845 (1983). There, the defendant had pled guilty to carrying a concealed handgun in violation of Iowa law. *Id.* at 106, 103 S.Ct. 986. The state court placed the defendant on probation and entered an order stating that the court deferred entry of formal judgment. *Id.* at 107–08, 103 S.Ct. 986. After the defendant served his probationary term, the state court

discharged the defendant and expunged the deferred judgment from his record pursuant to Iowa law. *Id.* at 108, 103 S.Ct. 986. Nonetheless, the concealed weapon charge was subsequently used by the Treasury Department's Bureau of Alcohol, Tobacco and Firearms to deny the defendant a license to deal firearms because he had been convicted in state court of "a crime punishable by imprisonment for a term exceeding one year" within the meaning of Section 922(g)(1). *Id.* at 105, 103 S.Ct. 986.

The Supreme Court began its analysis by noting that federal, not state law, supplies the definition of a conviction under Section 922(g)(1). *Id.* at 112, 103 S.Ct. 986. The Court then held that "[a] plea of guilty . . . is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Id.* at 112–113, 103 S.Ct. 986 (quoting *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)). The Court noted that it had more than a guilty plea to support its finding because the state court had placed the defendant on probation, and a court does not place someone on probation if he is not guilty of a crime. *Id.* The Court then held that the Iowa expunction provisions did not nullify the defendant's conviction for purposes of federal law because "expunction under state law does not alter the historical fact of the conviction . . . and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id.* at 115, 103 S.Ct. 986. Thus, under *Dickerson* an admission of guilt is a "conviction" even if the state restores the defendant's civil rights.

At one time, the *Dickerson* decision would have been dispositive of the issue before us. But Congress subsequently showed its disagreement with the holding in *Dickerson* by adding Section 921(a)(20) to the federal gun control laws. This section requires the federal courts to look solely to state law in determining what constitutes a "conviction" for purposes of Section 922(g)(1):

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction

which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). The second sentence of Section 921(a)(20) means that "[i]f the state sends the felon a piece of paper implying that he is no longer 'convicted' and that all civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution." *United States v. Erwin*, 902 F.2d 510, 512–13 (7th Cir.), *cert. denied*, 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). When, as here, the felon did not receive a piece of paper restoring his civil rights, the first sentence of Section 921(a)(20) applies which requires the court to determine "whether the particular civil right to carry guns has been restored by law." *Id.* at 513.

Therefore, we must examine the Illinois statute under which Lloyd received probation to determine whether Lloyd is a "convicted" person within the meaning of Section 922(g)(1). This section provides when a disposition of probation constitutes a "conviction":

> A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon a conviction of a crime.

720 ILCS 570/410(g). The statute allows the court to place a person who pleads guilty to possession of a controlled substance under 720 ILCS 570/402(c) on probation provided he has not previously been convicted or placed on probation or supervision for violating any state or federal law relating to controlled substances. 720 ILCS 570/410(a). The statute permits the court to sentence a person to probation "without entering a judgment and with the consent of such person." *Id.* The statute further provides that, "[u]pon violation of a term or condition of probation,

the court may enter a judgment on its original finding of guilt and proceed as otherwise provided." 720 ILCS 570/410(e).

In the present case, Lloyd was placed on probation and was subsequently discharged pursuant to Section 410. The plain language of Section 410 provides that, after this discharge, Lloyd's disposition of probation could not be considered a conviction "for purposes of disqualifications or disabilities imposed by law upon a conviction of a crime." We have no doubt that a restriction on Lloyd's ability to carry a firearm is a "disqualification or disability imposed by law." Thus, Lloyd's discharge pursuant to Section 410 wiped his slate clean of his guilty plea and restored his civil rights, including his right to carry a firearm. Because Section 921(a)(20) requires this court to follow the definition of a "conviction" under state law, we find that Lloyd's guilty plea is not a "conviction" for purposes of Section 922(g)(1).

The government objects to this conclusion arguing that "[w]hen a person serves probation, his subsequent completion of probation and discharge does not alter that conviction for purposes of federal law." (Gov't Position Paper at 5). The government relies on *Dickerson* and *United States v. McAllister*, 29 F.3d 1180 (7th Cir.1994) in support of this argument. As noted above, Congress enacted Section 921(a)(20) in response to *Dickerson* and, under that section, this court must look to state law in determining whether a guilty plea is a "conviction" for purposes of Section 922(g)(1). Also, the Seventh Circuit's decision in *McAllister* is distinguishable from this case. There, the court held that a disposition of probation under Section 1410 is a "conviction" for purposes of sentencing enhancement under Section 841(b)(1)(B). But the court said nothing about Section 922(g). Indeed, the court acknowledged that it could follow the reasoning of *Dickerson* because "Section 841(b)(1)(B) does not have any provision analogous to the one Congress added to the gun control statutes." *Id.* at 1185. Thus, the *McAllister* decision does not control the issue before this court.

In summary, we conclude that Lloyd's guilty plea is not a "conviction" for purposes

of Section 922(g)(1). In reaching this conclusion, we recognize that the conditions of Lloyd's probation under Section 410 prohibited him from "possessing a firearm." 720 ILCS 570/410(c)(2). If the allegations of the indictment are true, Lloyd violated the terms of his probation. But the fact remains that the state court did not "enter a judgment on its original finding of guilt." 720 ILCS 570/410(e). Thus, Illinois law does not consider Lloyd to be a convicted person. For this reason, this court cannot consider Lloyd to be a convicted person under Section 922(g)(1). *See* 18 U.S.C. § 921(a)(20).

Moreover, based on this court's experience, it is common for Illinois state courts to advise defendants before they plead guilty and agree to a term of probation under Section 410 that a disposition of probation "is not a conviction." It is not appropriate for this court to treat as a "conviction" a plea of guilty entered in another court by a defendant who may have been advised by that court or the attorneys familiar with its terminology that his plea and probation would "not be considered a conviction."

### *CONCLUSION*

For all of the foregoing reasons, defendant Demetric Lloyd's motion to dismiss Count III of the indictment is granted.

It is so ordered.