[Cite as *State v. Axson*, 2019-Ohio-5240.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

        No. 108246

v.                                      :

BENTLEY AXSON,                          :

    Defendant-Appellant.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-463674-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione and Jennifer Meyer, Assistant Prosecuting Attorneys, *for appellee.*

Scott J. Friedman, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} In this delayed appeal, defendant-appellant, Bentley Axson ("Axson"), appeals from the trial court's denial of his motion for resentencing. For the reasons set forth below, we affirm.

{¶ 2} In March 2005, Axson was charged with rape, kidnapping, and aggravated robbery. Axson was incarcerated at the time he was indicted with these charges. As a result of his prior convictions, his DNA was entered into the state's DNA database. Axson's DNA was a match for the unsolved May 1995 rape of Jane Doe, which prompted the charges in the instant case.

{¶ 3} The matter proceeded to a jury trial in December 2005. Prior to the voir dire, the parties appeared before the trial court to discuss evidentiary issues. Among other stipulations, the parties agreed that the Bureau of Criminal Investigation and Cleveland detectives would not discuss the fact that Axson was incarcerated. The parties further agreed to stipulate that the jury would be instructed that Axson's identity was established with the use of a known DNA sample. Defense counsel then advised that:

> there is no dispute that there was sexual intercourse between the victim * * * and Axson. There is not going to be a question about that. So that's the reason for the stipulation, your honor.

> The defense in this case, as I've made clear to the state of Ohio, is going to be one of consent.

{¶ 4} The parties also discussed whether evidence of four prior criminal cases would be admissible under Evid.R. 404(B) to demonstrate commonality of planning and purpose of intent, which would negate consent.[1] The trial court

---

[1] Evid.R. 404(B) provides in pertinent part that: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

permitted the evidence as to one of Axson's prior criminal cases because that case also involved allegations of robbery, abduction, and rape. In doing so, the court noted:

> What I want to point out, and I'm sure [defense counsel] pointed this out to you, [Axson], is that if the defense of consent is a defense that's going to be used in this case, it has to come from direct testimony of witnesses.

{¶ 5} Two days later, after the jury was impaneled and sworn, the parties reached a plea agreement, wherein Axson would plead guilty to rape, kidnapping, and robbery as charged in the indictment. The state and Axson stipulated to an agreed sentence, consisting of a term of ten to twenty-five years per count, with each of the three counts to run concurrent to each other, and consecutive to Axson's sentence in another case.

{¶ 6} After engaging in a plea colloquy with Axson and finding Axson guilty as to each count, the court sentenced Axson to a prison term of ten to twenty-five years on each count, to be served concurrently with each other, and consecutive to the sentence in Axson's other case. The court also imposed a $10,000.00 fine as to each count. Axson did not seek a direct appeal of the conviction following his guilty plea.

{¶ 7} Then in June 2018, Axson filed a pro se motion for resentencing under Criminal Rule 32(B), claiming that the trial court failed to inform him of his right to appeal. The state opposed, and the trial court denied the motion in July 2018.

{¶ 8} Axson filed a pro se motion for leave to file a delayed appeal in February 2019, which this court granted. In his motion, Axson indicated that he was appealing the trial court's July 2018 denial of his motion for resentencing.

{¶ 9} Axson now raises the following assignment of error for review:

<u>Assignment of Error</u>

Enforcement of [Axson's] guilty plea was unconstitutional under the United States Constitution and the Ohio Constitution because his plea was induced by the trial court's incorrect statement of law related to the burden of proof.

{¶ 10} In the sole assignment of error, Axson argues his guilty plea was not knowingly and intelligently made because it was induced by the trial court's incorrect statement of law that "the defense has the burden to prove consent in a rape case." Preliminarily we note, although Axson challenges the validity of his guilty plea in the assignment of error, in his pro se motion for delayed appeal, he sought leave to appeal the denial of his motion for resentencing. In his motion, Axson states:

Defendant Axson was unavoidably [withheld] from initiating a timely appeal of his Motion for Resentencing due to not being served notice of the judgment of denial thereby not allowing him to meet the thirty day requirement.

Attached to Defendant's Notice Of Appeal is a certified copy of the July 3rd, 2018, Judgment Denying [Axson's] Motion for Resentencing [Pursuant] to Criminal Rule 32(B). Only after requesting from the Cuyahoga County Clerk a certified copy which [in turn] prompted the instant appeal. Defendant further supports this claim in the attached affidavit with [incorporated] exhibits.

{¶ 11} Axson attached a copy of the trial court's July 2018 entry denying his motion for resentencing, but he did not include a copy of the original December

2005 sentencing entry. Under App.R. 5, a defendant, in a criminal proceeding, may appeal with leave of the court. App.R. 5(A)(2) provides that the movant shall file a notice of appeal concurrent with the filing of the motion for delayed appeal.

{¶ 12} The pro se notice of appeal Axson filed on the same day as his motion for delayed appeal indicated that he was appealing the trial court's judgment of conviction and sentence from December 2005. He did not include a copy of this judgment entry with his notice of appeal. If Axson sought to appeal his guilty plea, he should have either timely filed a notice of appeal designating that judgment under App.R. 3 or included that judgment in his motion for leave. He failed to do either, but we do not find such failure to be fatal in his case.

{¶ 13} Axson's delayed notice of appeal was filed pro se. In the praecipe his assigned appellate counsel subsequently filed, counsel included both the December 2005 and July 2018 judgment entries and indicated he would be addressing Axson's sentencing and the denial of motion for resentencing. Although Axson's motion for delayed appeal should have included the December 2005 judgment entry, in the interest of justice, we will address his assignment of error.

{¶ 14} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991); Crim. R. 11(C).

The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 15} We review the trial court's compliance with the requirements of Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 16} Crim.R. 11(C) provides, in relevant part:

(2) In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Id. at (C)(2)(a)-(c).

{¶ 17} A trial court must strictly comply with constitutional rights set forth in Crim.R. 11(C)(2)(c) and substantially comply with the nonconstitutional rights set

forth in Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶ 18} Axson argues that the trial court misstated the law regarding his burden of proof when it stated that consent is a defense that requires direct testimony of either himself or the alleged victim. As a result, Axson argues that his plea was not knowingly and intelligently made because it was induced by the trial court's incorrect statement of law. This alleged misstatement of the law was related to Axson's fundamental constitutional rights to a presumption of innocence and proof beyond a reasonable doubt.

{¶ 19} In support of his argument, Axson cites to *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E. 2d 462; *Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996); and *State v. Lloyd*, 6th Dist. Erie No. E-10-055, 2011-Ohio-2964. In all three instances, the Sixth District Court of Appeals, as well as the Ohio Supreme Court respectively found that the trial courts' misstatement of the applicable law during the plea hearing induced defendants' guilty pleas, which rendered them not knowingly, intelligently and voluntarily made. The instant case, however, is distinguishable.

{¶ 20} Here, the incorrect statement, which forms the basis of Axson's argument, was made by the trial court two days prior to the plea hearing, during pretrial discussions regarding Axson's prior convictions; not during the plea hearing. In addition, a review of the record reveals the trial court's statements were made in the context of its ruling on the state's Evid.R. 404(B) motion. As previously

stated, at that time, the parties were discussing whether evidence of four prior instances of conduct would be admissible to show a commonality of planning and purpose of intent that would serve to negate accident, mistake or consent. In permitting evidence of one of Axson's prior criminal convictions, the trial court stated:

> I think this is specially, specially true given these circumstances surrounding [Axson's] defense, which is the defense of consent.
>
> So, as far as the request to admit that evidence, this court will admit that under very specific circumstances, but only as to criminal case 402353. The other three will not be permitted.
>
> Now, I want all counsel to understand that it is until — unless and until [Axson] takes the witness stand, all bets are off in that situation.
>
> What I want to point out, and I'm sure [defense counsel] pointed this out to you, [Axson] is that if the defense of consent is a defense that's going to be used in this case, it has to come from direct testimony of witnesses.
>
> So it's with all due respect, I just want to point out it either needs to come from you, sir, or it's going to need to come from the alleged victim in this matter. There has been no discovery which indicates that there are any other witnesses.
>
> So as far as the court is concerned, while we are between a rock and a hard place, the 404(B) evidence is admissible in this instance as to that particular case. And I'll note defense's objection for the record.

{¶ 21} It is clear from the above excerpt that the trial court was merely giving its rationale for the 404(B) ruling and advising Axson that unless he took the witness stand, the other three cases would not be admitted, but that criminal case 402353 was admissible 404(b) evidence. At no point did the trial court advise Axson on the burden of proof.

{¶ 22} Specifically, by simply stating that if evidence is presented regarding consent, it would have to come from either Axson or the victim, the trial court did not shift the burden of proof to Axson. As a result, we find that Axson was not misinformed as to the applicable law and cannot demonstrate any prejudice. There is nothing to suggest that but for the complained of statement, which Axson has taken totally out of context, he would not have pleaded guilty.

{¶ 23} Further, the record reflects and Axson concedes that the trial court engaged in a full Crim.R. 11 plea colloquy before Axson entered his pleas. During the plea hearing, the trial court advised Axson of the effect of his plea, the nature of the charges, and the potential penalties he was facing and Axson acknowledged he understood. The trial court also established that Axson was satisfied with his attorney and had fully discussed the change of plea with his attorney. The trial court thoroughly discussed the constitutional rights Axson was waiving by pleading guilty, including the right to a trial by jury or by the court, the right to an attorney, either retained or appointed, the right to subpoena witnesses to testify, the right to cross-examine witnesses, and, Axson acknowledged that he understood.

{¶ 24} Directly pertinent to Axson's contention that the trial court misstated the burden of proof, the following exchange took place:

> THE COURT: Mr. Axson, do you understand that if this case is called for trial - - and I should point out for the record, this case has been called for trial, the jury has been impaneled - - the state of Ohio must prove your guilt in this matter by evidence of guilty beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

THE COURT:     Do you also understand that you have the right to remain silent throughout all of the procedure, and that includes your sentencing, no one may comment upon your failure to testify in this matter?

THE DEFENDANT:     Yes.

**{¶ 25}** The above excerpt totally undercuts Axson's contention that the trial court misstated the burden of proof and that the misstatement induced him to plead guilty.    Based on the foregoing, we conclude that when Axson decided to plead guilty, after the jury had been impaneled, he did so knowingly, intelligently, and voluntarily.

**{¶ 26}** Accordingly, the sole assignment of error is overruled.

**{¶ 27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR